GailAnn Y. Stargardter (SBN 250749)
    gstargardter@mvjllp.com
MOKRI VANIS & JONES LLP
4100 Newport Place Drive, Suite 840
Newport Beach, CA 92660
T: (949) 226-7040
F: (949) 226-7150

Attorneys for Defendant
Atain Specialty Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JEGERS, TRUSTEE OF THE PETER JEGERS REVOCABLE TRUST UTD DATED 11/26/96,<br><br>Plaintiff,<br><br>v.<br><br>ATAIN SPECIALTY INSURANCE COMPANY AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | CASE NO.   4:19-cv-03982-DMR<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>**CMC DATE:**   October 16, 2019<br>**TIME:**   1:30 p.m.<br>**COURTROOM:**   4 |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service

The Court has jurisdiction based on diversity of citizenship 28 U.S.C. §§ 1332, 1441, and 1446, as Plaintiff is a citizen of the State of California and as Defendant is Michigan Corporation and has its principal place of business in Farmington Hills, Michigan and as the amount in controversy is in excess of $75,000.00.

Atain accepted service and has filed its responsive pleading (Dkt. 6).

2. Facts

Atain issued Policy No. CIP305486 to Plaintiff for the policy period January 30, 2017 through

January 20, 2018. The policy included Commercial Property Coverage and insured Plaintiff's premises located at 1055 Hunsacker Canyon Road in Lafayette, California.

Plaintiff owns the Wildwood Acres Resort in Lafayette which defendant Atain insures against property damage or loss. On February 2, 2017, wind blew a large tree over on the hillside behind plaintiff's resort. That tree then came down the hill and the root ball of the tree crashed through the wall of plaintiff's building, causing damage and loss of income in excess of $250,000. Experts hired by plaintiff's counsel have determined that the large tree was blown over by wind. The wind-fallen tree then slid down the hill and crashed through the wall of the Wildwood Acres Resort doing serious damage to the building which has only been temporarily repaired. There is video footage from inside the building showing the root ball of the tree coming through the wall. The tree damaged the building, not a mudslide.

Atain received notice of this loss on February 7, 2017. Atain timely acknowledged receipt of the loss. Atain timely investigated the loss and retained the services of Rimkus Consulting Group, Inc. ("Rimkus") to determine the cause of the loss. Rimkus inspected the site, reviewed surveillance camera footage provided by Plaintiff showing the loss occurring and determined the loss was the result of a mudslide. Specifically, Rimkus determined: (1) the amount of rainfall on February 2, 2017, was 2.44 inches; (2) the maximum windspeed for February 7, 2017, was 19 m.p.h. with gusts up to 25 m.p.h. and (3) "the position of the tree trunk indicated that the tree had rotated due to movement with the mud down the slope and had not fallen over and caused the mudslide."

The Atain policy includes Causes Of Loss Special Form CG 1030 (04/02), which states that "covered loss" means all risks of direct physical loss unless the loss is excluded by Section B Exclusions or limited by Section C, Limitations. Section B excludes coverage for earth movement, and specifically loss due to landslides (Exclusion B.1(b)(2)). Section B excludes coverage for loss caused by mudslides or mudflow (Exclusion B.1.(g)(2). Section B also excludes coverage for loss due to weather conditions in conjunction with any of the losses excluded under paragraph 1 of Section B (Exclusion B.3(a).

Atain declined coverage for this loss on March 23, 2017. Atain provided a copy of the report prepared by Rimkus supporting its declination of coverage in its letter to Plaintiff. When asked to do so by Plaintiff, on April 2, 2017, Atain reconsidered its coverage determination. On April 12, 2017, Atain notified the Plaintiff that it was maintaining its prior declination of coverage.

Plaintiff filed suit against Atain in Contra Costa County Superior Court on February 13, 2019. Plaintiff alleges Atain's insurance policy provides coverage for plaintiff's losses. Plaintiff alleges Attain breached the insurance policy contract and breached the covenant of good faith and fair dealing in handling this claim. Plaintiff seeks punitive damages against Atain.

Atain removed the case to U.S. District Court for the Northern District of California on July 11, 2019 (Doc.1.) Atain denies the allegations in Plaintiff's Complaint.

3. <u>Legal Issues</u>

**Plaintiff's Position**

Plaintiff does not believe there are real legal issues to be resolved in the case – only questions of fact as to what caused the damage to plaintiff's property as set out above.

Defendant, as the insurer asserting that the causes of loss are excluded, has the burden of proof. Defendant must prove the loss was caused by a peril excluded in the policy. *Strubble v. United Services Auto Ass'n*, 35 Cal.App.3d 498, 504 (1973). If defendant cannot prove an exclusion is applicable (e.g., landslide, mudslide, earth movement), then there is coverage for the loss and the denial of the claim breached the insurance contract.

On information and belief, the expert hired by defendant is one that is hired on hundreds, and perhaps thousands, of claims by Atain and other insurers which provide to insurers reports which support denial of claims. Defendant's expert Rimkus does not generate fair or independent reports.

**Defendant's Position**

The Atain policy includes Causes Of Loss Special Form CG 1030 (04/02), which states that "covered loss" means all risks of direct physical loss unless the loss is excluded by Section B Exclusions or limited by Section C, Limitations. Plaintiff has met its burden of proving "covered property" sustained direct physical loss. Atain must prove the loss is excluded from coverage. *Strubble v. United Services Auto Ass'n*, 35 Cal. App. 3d 498, 504 (1973).

Atain's investigation determined the cause of Plaintiff's loss was earth movement, specifically a mudslide caused by heavy rains. Section B excludes coverage for earth movement, and specifically loss due to landslides (Exclusion B.1(b)(2)). Section B excludes coverage for loss caused by mudslides or mudflow (Exclusion B.1.(g)(2). Section B also excludes coverage for loss due to weather conditions in

conjunction with any of the losses excluded under paragraph 1 of Section B (Exclusion B.3(a). These exclusions have been enforced by the California Supreme Court. See, *Julian v. Hartford Underwriters Ins. Co.*, 35 Cal.4th 747, 760-761 (2005).

Atain contends Plaintiff's bad faith claims lack merit as either as its coverage determination was correct or its coverage determination was reasonable as a genuine dispute exists. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 993 (2001); *Fraley v. Allstate Ins. Co.*, 81 Cal.App.4th 1282, 1292-1293 (2000). Atain contends Plaintiff's punitive damage claim lacks merit as there is no evidence that Atain acted with fraud, oppression or malice in its handling of this claim. *C&H Foods Company v. Hartford Ins. Co.*, 163 Cal.App.3d 1055, 1068 (1984); and *Shade Foods v. Innovative Products,* 78 Cal.App.4th 847, 891-893 (2000).

4. <u>Motions</u>

Currently no motions are pending.

**Plaintiff's Position**

The issues in this action are largely factual and expert driven. Plaintiffs do not believe the case can be resolved by summary judgment.

**Defendant's Position**

Atain believes this case is suitable for resolution on summary judgment. Atain anticipates filing a motion for summary judgment/summary adjudication with respect to the breach of contract and breach of the covenant of good faith and fair dealing causes of action and with respect to Plaintiff's claim for punitive damages.

Atain may move to bifurcate the punitive damages claim from the breach of contract/breach of the covenant of good faith and fair dealing should the case proceed to trial.

5. <u>Amendment of Pleadings</u>

The parties propose November 15, 2019, as the last day to file amended pleadings.

6. <u>Evidence Preservation</u>

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (ESI). The parties have met and conferred as required by Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident

in this action. The parties have reviewed ESI Guidelines 2.10 and 2.02 and have also reviewed the Checklist for ESI Meet and Confer.

7. <u>Disclosures</u>

The parties have met and conferred and timely complied with the initial disclosure requirements as set forth in Fed. R. Civ. P. 26. The parties have disclosed witnesses who have information about the claims asserted and defenses to those claims, the parties have disclosed documents that pertain to the claims asserted and defenses to those claims. Atain has responded to the request for information regarding insurance policies in place that pertain to the claims asserted against it by Plaintiff.

8. <u>Discovery</u>

The parties have exchanged initial disclosures.

The parties have disclosed the names and contact information for persons have knowledge about the presentation and handling of the claim.

Plaintiff will produce the surveillance video showing the loss occurring and any other documents supporting its claim.

Atain has produced its claim file and a copy of the policy.

Atain will produce a copy of its claims guidelines in force on the date of loss subject to a protective order.

The parties will conduct written discovery by February 1, 2020.

The parties will conduct depositions of percipient witnesses by April 1, 2020.

The parties will conduct depositions of expert witnesses by May 1, 2020.

The parties do not anticipate any discovery issues.

9. <u>Class Actions</u>

Not applicable.

10. <u>Related Cases</u>

Not Applicable.

11. <u>Relief</u>

Plaintiff seeks the following relief and damages: Monetary damages associated with insured property damages in an amount according to proof, but in excess of $250,000. Plaintiff also seeks

punitive damages under its Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing.

Atain does not seek any relief or damages.

12. Settlement and ADR

No settlement discussions have taken place.

**Plaintiff's Position**

Plaintiff is willing to participate in mediation either with a Magistrate Judge or a private mediator.

**Defendant's Position**

Atain is willing to participate in mediation with a Magistrate Judge or a private mediator.

13. Consent to Magistrate Judge For All Purposes

The parties have consented to have a Magistrate Judge conduct all further proceedings, including trial and entry of judgment in this matter. *See*, Dkt. Nos. 7 and 9.

14. Other References

The case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

**Plaintiff's Position**

Plaintiff believes the issues are straightforward, that trial will be approximately a week, and that issues do not need to be narrowed. Issues related to defendant insurer's investigation of the claim, was fair or biased, and whether the refusal to pay the claim, are all interrelated with the testimony of the expert and defendant's personnel. The trial evidence and testimony related to "punitive damages" is no different than the trial evidence and testimony to be presented on the breach of contract/breach of the covenant of good faith and fair dealing case. Bifurcation would merely necessitate putting most of the defense witnesses on the stand in different phases when the testimony being offered for breach of the duty of good faith and fair dealing is the same as the evidence necessary for punitive damages. The jury can decide based on that evidence whether punitive damages are warranted or not – like any other damages.

**Defendant's Position**

Atain believes the legal issues pertaining to the coverages issues and potentially issues of whether Atain breached the covenant of good faith and fair dealing or acted with malice fraud or oppression in its handling of Plaintiff's claim may be subject to a motion for summary judgment/summary adjudication.

Atain believes parties may be able to stipulate to the facts of Atain's investigation and dates on which actions were taken. Atain also believes the parties may be able to stipulate as to whether, should the case proceed to trial, the punitive damages claim should be bifurcated from the breach of contract/breach of the covenant of good faith and fair dealing claims.

16. Expedited Trial Procedure

This case is not subject to handling under the Expediated Trial Procedure of General Order 64, Attachment A.

17. Scheduling

| | |
|---|---|
| Proposed Discovery Cut Off Written Discovery And Depositions Of Percipient Witnesses: | April 1, 2020 |
| Designation of Experts: | April 1, 2020 |
| Designation of Rebuttal Experts: | April 22, 2020 |
| Expert Discovery Cut Off | May 22, 2020 |
| Deadline to Hear Dispositive Motions: | August 1, 2020 |
| ADR Deadline: | September 1, 2020 |
| Pre-Trial Conference: | September 28, 2020 |
| Trial Date: | October 19, 2020 |

18. Trial

The case will be tried to a jury, estimated length of trial 5 days.

19. Disclosure of Non-party Interested Entities or Persons

Each party has filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-15. *See,* Dkt. Nos. 3 and 8.

///

Plaintiff disclosed that no other persons or entities have a financial interest in this matter (Dkt. 8).

Atain disclosed that AJK Holdings, LLC is its parent company and that neither Atain nor AJK Holdings, LLC is publicly traded and that no publicly held corporation owns 10% or more of Atain. Atain disclosed that the only entity that has a financial interest in the outcome of this matter, other than Atain, is AJK Holdings, LLC (Dkt. 3).

20. Professional Conduct

All attorneys of records for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

None at this time.

Dated:   October 9, 2019　　　　　　　　　　　WILLIAMS & GUMBINER LLP

By:   */s/ Gordon McAuley*
Joel Gumbiner
Gordon McAuley
Attorneys for Plaintiff
Peter Jegers, Trustee Of The Peter Jegers
Revocable Trust UTD Dated 11/26/96

Dated:   October 9, 2019　　　　　　　　　　　MOKRI VANIS & JONES, LLP

By:   */s/ GailAnn Y. Stargardter*
Gail Ann Y. Stargardter
Attorneys for Defendant
Atain Specialty Insurance Company

**SIGNATURE ATTESTATION**

I, GailAnn Y. Stargardter, am the ECF user whose ID and password are being used to file the above documents. I attest that concurrence in the filing of this document has been obtained from the other signatories.

October 9, 2019　　　　　　　　　　　MOKRI VANIS & JONES, LLP

/s/ *GailAnn Y. Stargardter*
GailAnn Y. Stargardter
Attorneys for Defendant
Atain Specialty Insurance Company

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE

# CERTIFICATE OF SERVICE

I, Patricia Tonti-Mace, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 4100 Newport Place Drive Suite 840, Newport Beach, California 92660. On October 9, 2019, I served a copy of the within document(s):

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

    by placing a true copy of the document(s) listed below, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

☒    I electronically served the above referenced document(s) through EFC/PACER. E-service in this action was completed on all parties listed on the service list with EFC/PACER. This service complies with the court's order in this case.

as follows:

| | |
|---|---|
| Joel Gumbiner<br>Gordon McAuley<br>WILLIAMS & GUMBINER LLP<br>1010 B Street, Suite 200<br>San Rafael, CA 94901 | *Attorneys for Plaintiff*<br><br>T : 415.755.1880<br>E : joel@insuredlaw.com;<br>gmcauley@willimasgumbiner.com |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 9, 2019, at Newport Beach, California.

                                                        Patricia Tonti-Mace

4846-8547-8569, v. 1